**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Parakram Singh
Assistant U.S. Attorney
Parakram.Singh@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

July 31, 2025

Ethan Levi, Norah Van Dusen, and Noah A.F. Horst
Levi Merrithew Horst PC
610 SW Alder St., Suite 415
Portland, OR 97205

Re:  *United States v. Joseph David Emerson*, Case No. 3:23-mj-00185
     Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to waive indictment and plead guilty to an Information charging one count of Interference with Flight Crew Members and Attendants in violation of Title 49, United States Code, Section 46504.

3.  **Penalties**: The maximum sentence is 20 years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the restitution as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

Ethan Levi, Norah Van Dusen, Noah A.F. Horst
Re: Joseph David Emerson Plea Agreement Letter
Page 2

First, that the defendant was on an aircraft in the special air jurisdiction of the United States;

Second, that the defendant knowingly assaulted or intimidated a flight crew member of the aircraft, and

Third, that the assault or intimidation interfered with the performance of the duties of the flight crew member or lessened the ability of the member to perform those duties.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

On Sunday, October 22, 2023, defendant, Joseph David Emerson, an off-duty pilot with Alaska Airlines, was riding as a passenger in the cockpit jump-seat of Horizon Airlines Flight number 2059, tail number N660QX. The flight was scheduled to fly from Everett, Washington to San Francisco, California. At about 6:11 p.m. the flight was diverted to Portland International Airport due to an inflight disturbance caused by the defendant, when he deployed the built-in fire extinguisher system, thereby, cutting off fuel to the plane's engines.

Pilot 1, who was flying the aircraft stated that the incident occurred approximately halfway between Astoria, Oregon and Portland, Oregon, (an area within the special air jurisdiction of the United States) while the aircraft was headed south. While sitting in the cockpit jump seat, defendant said, "I'm not okay." Pilot 2 turned and observed defendant reaching up and grabbing the red fire handles and pulling them down. Pilot 1 explained to the interviewing police officer that, by pulling the red fire handles, it effectively activated the aircraft fire suppression system used to extinguish aircraft engine fires. Investigators determined that both fire suppressant bottles did deploy.

Pilot 1 added that the activation of the fire suppression system shuts off the fuel supply to the engines. Pilot 1 grabbed defendant's wrist while Pilot 2 declared an inflight emergency. Pilot 1 said defendant initially resisted him. They physically struggled for a short duration, and then defendant stopped struggling. Pilot 1 asked defendant to leave the cockpit, and defendant exited the cockpit. Pilot 1 estimated that this incident lasted about 90 seconds.

Pilot 2 observed defendant throw his headset across the cockpit and announce, "I am not okay." Pilot 2 observed defendant grab both red engine shutoff handles. Pilot 2 advised that defendant had to be wrestled with for a few seconds before defendant stopped what he was doing. Pilot 2 declared an inflight emergency, turned the autopilot off, and changed the aircraft's course to fly to Portland.

Pilot 2 told the police that defendant was unable to pull the red handles down all the way and fully activate the engine shutoff due to the pilots wrestling with defendant. If defendant had

Ethan Levi, Norah Van Dusen, Noah A.F. Horst
Re: Joseph David Emerson Plea Agreement Letter
Page 3

successfully pulled the red engine shutoff handles down all the way, then it would have shut down the hydraulics and the fuel to the engines, turning the aircraft into a glider within seconds. Pilot 2 stated that defendant's actions interfered with their ability to operate the aircraft.

Upon landing, in Portland, Oregon, responding police officers detained defendant, advised him of his rights, and interviewed him. Defendant told officers that [he], "mentally am in crisis" and had not slept for approximately 48 hours and had the feeling that everything wasn't real. When asked, "How long have you been depressed?" defendant answers, "I don't know." "My friend died like six years ago."

Defendant told officers that he was an employee of Alaska Airlines and had been a pilot since 2001. Defendant said he felt dehydrated and tired. Defendant confirmed that he sat in the cockpit during the flight. Defendant said, "I didn't feel okay. It seemed like the pilots weren't paying attention to what was going on. They didn't…it didn't seem right." Defendant also said, "Yah…I pulled both emergency shut off handles because I thought I was dreaming and I just wanna wake up." Defendant denied taking any medication. The officer and defendant talked about the use of psychedelic mushrooms and defendant said it was his first-time taking mushrooms. The investigation revealed that defendant had voluntarily consumed the intoxicant, psilocybin, in a social setting amongst friends. Defendant told a police officer, "I put 84 peoples' lives at risk, today, including my own."

6.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.   **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A5.2(a)(2) is a Base Offense Level of 18, prior to adjustments and variances applied consistent with the terms of this agreement.

8.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.   **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

Ethan Levi, Norah Van Dusen, Noah A.F. Horst
Re: Joseph David Emerson Plea Agreement Letter
Page 4

10. **Variance or Adjustment for Certain "Zero-Point" Offenders**:
   i. If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1, if adopted by the Court.

   ii. If the PSR, as adopted, does not recommend a two-level downward adjustment pursuant to USSG § 4C1.1, the government will recommend a two-level variance pursuant to 18 U.S.C. § 3553.

11. **Additional Departures, Adjustments, or Variances**:

   A. Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to USSG § 5K2 or 18 U.S.C. § 3553.

   B. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of

Ethan Levi, Norah Van Dusen, Noah A.F. Horst
Re: Joseph David Emerson Plea Agreement Letter
Page 5

the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the United States Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

### Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Ethan Levi, Norah Van Dusen, Noah A.F. Horst
Re: Joseph David Emerson Plea Agreement Letter
Page 6

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement. Defendant agrees that restitution will be at least $59,608.25 based on Alaska Airlines' diversion of the aircraft to Portland, Oregon, refunds to passengers, and other passenger reimbursements. Defendant understands that the Court will ultimately decide the amount of restitution. Defendant also understands that victims may come forward and have a right to request restitution as allowed by law and may do so all the way through the date of sentencing and/or restitution hearing.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

18. **Deadline**: This plea offer expires if not accepted by August 6, 2025, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Parakram Singh*
PARAKRAM SINGH
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

Sept 4, 2025
Date

Joseph David Emerson

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

August 4, 2025
Date

Attorney for Defendant